IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


SHUNDA STAMPLEY                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 5:07-cv-153(DCB)(JMR)

FRED'S DOLLAR STORE
OF MISSISSIPPI, INC.[1]                            DEFENDANT


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendants plaintiff Shunda Stampley's motion to remand **(docket entry 4)**.  Having carefully considered the motion and response, the memoranda and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

On May 10, 2007, the plaintiff commenced this action in the Circuit Court of Adams County, Mississippi, seeking damages for a July 30, 2004, incident in which "several boxes of folders and other store inventory" allegedly fell on her in the defendant's store and injured her.  Complaint, ¶ 6.  Her damages are described as "pain and suffering, ... medical expenses, loss of enjoyment of life[,] mental anguish and emotional distress."  Complaint, ¶ 12. The ad damnum clause in her prayer for relief is for "an amount which [<u>sic</u>] the jurisdiction requirements of this Court, together with interest at the legal rate from the date of judgment, costs

---

[1] The defendant is improperly identified in the plaintiff's complaint as "Fred's Stores of Mississippi, Inc."  The defendant asserts, and the plaintiff does not contest, that the defendant's proper corporate name is "Fred's Stores of Tennessee, Inc."

and attorney fees." Complaint, p. 5.

On July 12, 2007, the plaintiff filed her responses to the defendant's requests for admissions, as follows:

Request for Admission No. 1: Please admit that the amount in controversy does not exceed $75,000.00.

**Response:** Plaintiff can not truthfully admit or deny this request due to the early stage of this litigation.

Request for Admission No. 2: Please admit that the amount in controversy does not exceed $75,000.00.[2]

**Response:** Plaintiff can not truthfully admit or deny this request due to the early stage of this litigation.

Request for Admission No. 3: Please admit that at the trial of this matter you will not ask the jury to award damages in excess of $75,000.00.

**Response:** Plaintiff can not truthfully admit or deny this request due to the early stage of this litigation.

Request for Admission No. 4: Please admit that at the trial of this matter you will ask the jury to award damages in excess of $75,000.00.

**Response:** Plaintiff can not truthfully admit or deny this request due to the early stage of this litigation.

Request for Admission No. 5: Please admit that you contend that you suffer from a permanent injury as a result of the subject accident.

**Response:** Admitted.

Request for Admission No. 6: Please admit that you contend that you are entitled to monetary damages for pain and suffering.

**Response:** Admitted.

---

[2] The second request for admission is identical to the first.

> Request for Admission No. 7: Please admit that you
> contend that you are entitled to monetary damages for
> mental anguish and emotional distress.

**Response**: Admitted.

Plaintiff's Response to Defendant's Requests for Admissions, pp. 1–2.  On August 3, 2007, the defendant removed this action to federal court.

The removing party bears the burden of establishing removal jurisdiction.  Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).  Removal jurisdiction can be premised on either the existence of a federal question, which is not alleged here, or diversity of the parties.  In a diversity action, the removing defendant must prove both (1) diversity of citizenship and (2) an amount in controversy in excess of the statutory threshold.  See 28 U.S.C. § 1332.  The parties in this case are diverse because the plaintiff is a resident citizen of Mississippi, and the defendant is a Tennessee corporation with its principal place of business in Tennessee.  The defendants' notice of removal also recites that "[t]he amount in controversy ... is believed to exceed the sum and value of ... $75,000.00."  Notice of Removal, ¶ III.  The statutes governing removal provide:

> The notice of removal of a civil action or proceeding
> shall be filed within thirty days after the receipt by
> the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief
> upon which such action or proceeding is based, or within
> thirty days after the service of summons upon the
> defendant if such initial pleading has been filed in
> court and is not required to be served on the defendant,

3

which ever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  The second paragraph of § 1446(b) allows removal, where the case stated by the initial pleading is not removable, within 30 days after receipt of, inter alia, an "other paper from which it may first be ascertained that the case is one which is or has become removable."  "The phrase 'other paper' refers to 'documents generated within the state court litigation.'" Pack v. AC and S, Inc., 838 F.Supp. 1099, 1101 (D. Md. 1993)(citing Zbranck v. Hofheinz, 727 F.Supp. 324, 326 (E.D. Tex. 1989)).

The removing party bears the burden of establishing the existence of federal jurisdiction.  See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal.  See Asociacion Nacional de Pescasores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. v. Ruhrgas, 145 F.3d 211 (5th Cir. 1998), rev'd on other grounds, 119 S.Ct. 1563 (1999).

When the plaintiff has alleged an indeterminate amount of

4

damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  See Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant makes this showing when it is facially apparent that the claims are likely to exceed $75,000.  See Allen, 63 F.3d at 1335. In the alternative, the defendant can set forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount.  See id.  The defendant must do more than point to a state law that might allow plaintiff to recover more than what is pled; the defendant must submit "summary-judgment-type evidence" to establish that the actual amount in controversy exceeds $75,000. See Aguilar, 47 F.3d at 1412.  Once a defendant shows that the amount in controversy exceeds $75,000, the burden shifts to the plaintiff to show with legal certainty that he will not be able to recover more than the amount claimed in the state court complaint. See id. at 1411-12.

In this case, Fred's does not contend that it is facially apparent from the complaint that the amount in controversy is in excess of $75,000.  Nor does it submit any "summary-judgment-type evidence" to establish the requisite amount in controversy. Instead, the defendant offers the plaintiff's responses to requests for admissions.  Discovery responses may constitute an "other paper" under the second paragraph of § 1446(b).  However, to

utilize them as such, the defendant must have received an "unequivocally clear and certain" answer that the amount in controversy was in excess of $75,000.00. <u>Harden v. Field Memorial Community Hospital</u>, 2007 WL 1141500, *3 (S.D. Miss. April 17, 2007).

In her responses to the requests for admissions, the plaintiff neither admits nor denies that her damages exceed $75,000. An uncertainty or contingency concerning the amount of damages does not satisfy the defendant's burden of proving the amount in controversy. <u>See</u> <u>Amiss v. Lowe's Companies, Inc.</u>, 2007 WL 2174593, *2 (E.D. La. July 26, 2007). There has been no "unequivocally clear and certain answer" by the plaintiff that the amount in controversy exceeds $75,000. The Court therefore finds that the plaintiff's responses to requests for admissions do not constitute an "other paper" under the second paragraph of § 1446(b).

The defendant also argues that the plaintiff's brief in support of her motion to remand establishes that her demand is in excess of $75,000. Essentially, the plaintiff states that this action should be remanded because the defendant did not remove within 30 days from its receipt of the complaint. The plaintiff argues that

> it was clear from the face of the complaint that she (1) suffered permanent injury (2) substantial expenses (3) has been and will be continue to be [<u>sic</u>] unable to work. The recitation of damages and loss as stated on the face of the complaint clearly indicates Plaintiff's demand.

Plaintiff's Brief in support of Remand, pp. 2-3.  Regardless of the argument put forward by the plaintiff, nowhere in her brief, nor in her complaint, is an amount of damages "clearly indicated." Furthermore, the parties cannot confer jurisdiction on this Court by waiver, consent, or otherwise.  <u>California v. LaRue</u>, 409 U.S. 109, 112 n.3 (1972); <u>see</u> <u>also</u> <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848, 850 (5th Cir. 1999)(a party may neither consent to nor waive federal subject matter jurisdiction).   Subject matter jurisdiction is non-waivable and every federal court has the duty to satisfy itself that proper jurisdiction exists.  <u>Steel Co. v. citizens for a Better Env't.</u>, 523 U.S. 83, 93-94 (1998); <u>Ayers v. 482018-Div "N"</u>, 2006 WL 1049042, at *1 (5th Cir. Apr. 20, 2006).

The defendant has failed to provide the Court with any proof concerning the amount in controversy such as the plaintiff's injuries, treatment, lost wages, or the like.  Thus, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount necessary to invoke the jurisdiction of this Court.  The Court shall therefore <u>sua</u> <u>sponte</u> remand this action to the Circuit Court of Adams County, Mississippi, pursuant to 28 U.S.C. § 1447(c).[3]

In so concluding, the Court observes that federal courts are

---

[3] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

of limited jurisdiction, removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand.  See Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  The Court also observes that without evidence to the contrary, it must presume that the plaintiff has pled her damages in good faith, and answered the requests for admissions in good faith.  Wilbanks v. North American Coal Corp., 334 F.Supp.2d 921, 927 (S.D. Miss. 2004).  However, if it should later become apparent that the plaintiff is engaging in forum manipulation, the equitable exception to the one year requirement of 28 U.S.C. § 1446(b) will apply.  See Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003); Lee v. State Farm Mutual Auto. Ins. Co., 360 F.Supp.2d 825 (S.D. Miss. 2005); Nelson v. Rite Aid Corp., 2006 WL 2474005 (S.D. Miss. Aug. 25, 2006). Accordingly,

IT IS HEREBY ORDERED, sua sponte, that this action be remanded to the state court from which it was removed;

FURTHER ORDERED that the plaintiff Shunda Stampley's motion to remand **(docket entry 4)** is MOOT.

A separate order shall follow, remanding this action to the Circuit Court of Adams County, Mississippi.

SO ORDERED, this the   16th   day of February, 2008.


                        s/ David Bramlette
                        UNITED STATES DISTRICT JUDGE